## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TILLIE PANIAGUA, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 03320 |
| | ) Judge John J. Tharp, Jr. |
| MAX 18, INC. d/b/a MORGAN's BAR and GRILL, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

On November 4, 2011, this Court issued its factual findings and gave notice of sanctions contemplated against defendant Max 18 and its attorney Scott Schimanski, in connection with a fraudulent affidavit submitted in support of Max 18's motion for summary judgment. Having concluded that the signature on the affidavit was forged, that Max 18 was responsible for the forgery, and that attorney Schimanski had prepared and relied upon the affidavit without having done a reasonable investigation, the Court posited sanctions against Max 18 under Rule 56(h) and against Mr. Schimanski under Rule 11. The Court gave both the opportunity to submit a written argument why sanctions should not be imposed; it also held a show-cause hearing on November 21. Neither Max 18 nor Mr. Schimanski filed any response, at the hearing Mr. Schimanski declined to make any further statement on his own behalf or on behalf of his client. Nor was any apology offered to the plaintiff or to the Court for the delay and expense caused by the fraud. Therefore, the Court's findings as set forth in the November 4 opinion stand, and are incorporated herein. Sanctions are imposed as described below.

A.      **Rule 56(h) Sanctions Against Max 18, Inc.**

The Court notes that after receiving notice of possible sanctions, Max 18 declined to show any cause why these sanctions should not be imposed or to object in any way. It has accordingly waived any objection. Based upon the Court's conclusion that the 2012 Kamel Affidavit was submitted in bad faith, the Court sanctions Max 18, pursuant to Rule 56(h), as follows:

- Plaintiff's motion to strike is granted.

- Max 18's motion for summary judgment is stricken without prejudice. Any revised motion and supporting materials are newly subject to the requirements of Rule 11, and Max 18 is encouraged to review the entirety of it submission in this spirit, rather than simply excising the 2012 Kamel Affidavit. Any revised motion must be filed within 14 days of this order.

- Max 18 shall pay the plaintiff's reasonable expenses, including attorney's fees, in bringing the motion to strike, including all fees and costs incurred as a result of the evidentiary hearings and supplemental briefing ordered by the Court. Plaintiff shall submit a fee petition within 14 days of this order.

B.      **Rule 11 Sanctions Against Scott Schimanski**

After receiving notice of potential Rule 11 sanction, Mr. Schimanski, like his client, declined to make any argument why sanctions should not be imposed on him. In its prior order the Court strongly suggested that Mr. Schimanski would, at a minimum, do well to acknowledge the gravity of the fraud on the Court, even if he disagreed that his client committed it and that he contributed to it. He has not taken the opportunity to do, as is his right. But by resting on his prior submissions, Mr. Schimanski apparently continues to embrace the view that withdrawing the affidavit was a sufficient response, and he maintains the position that although neither he nor his client ever discussed Habiba Kamel's purported testimony with her, he somehow took adequate steps to verify the accuracy of "her" affidavit. That position is simply untenable and

betrays a fundamental misunderstanding of the obligations imposed upon counsel by Rule 11(b) and which are in any event expected of members of the trial bar of the Northern District of Illinois. Mr. Schimanski's intransigence provides not the slightest assurance that he will, in the future, take measures to prevent opportunities for such a forgery to occur again. To the contrary, it could be read to suggest that absent intervention we should expect more of the same.

The Court's inquiry into the circumstances surrounding the creation and submission of the 2012 Kamel Affidavit is not a frolic and detour. It has taken substantial time and resources, and that substantial investment is commensurate with the serious fraud that occurred here. The integrity of the judicial system is compromised when the adversarial process is tainted by fraud, and more so when a member of the bar fails to acknowledge as much.

Having concluded that Mr. Schimanski failed to make an inquiry reasonable under the circumstances before filing the 2012 Kamel Affidavit, and having received no response from Mr. Schimanski with respect to the potential imposition of sanctions, the Court imposes on Mr. Schimanski under Rule 11[1] a fine of $1000 payable to the Clerk, to serve the rule's deterrent purpose to prevent repetition of the improper conduct. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). The fine is payable within 14 days of the entry of this order.

Date: November 26, 2013

John J. Tharp, Jr.
United States District Judge

---

[1] The sanction would also be an appropriate exercise of the Court's inherent powers, which are an alternative basis for the sanction imposed for the abuse of judicial process that occurred here. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).